1  ARASH SHIRDEL (SBN 247754)
2  **PACIFIC PREMIER LAW GROUP**
   200 E. Sandpointe Ave, Ste 500
3  Santa Ana, CA 92707
   949-629-3690
4  949-313-0995 – Facsimile
5  Ashirdel@pacificpremierlaw.com



6  Attorney for: Carlos Padilla III; Jeffery Golden, former Chapter 7 Trustee to the estate of Frank
7  Jakubaitis; Richard Marshack, Chapter 7 Trustee to the estate of Tara Jakubaitis

8                    UNITED STATES BANKRUPTCY COURT
9          CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

11  IN RE:                                  )  **Case No: 8:13-bk-10223-TA**
12                                          )
    FRANK JAKUBAITIS                        )  **Case No: 8:15-ap-**
13                                          )
14         Debtor                           )  **Chapter 7**
                                            )
15  _____    )  Assigned for all Purposes To:
    CARLOS PADILLA III, an individual; JEFFERY ) Honorable : Theodor Albert
16  GOLDEN, former Chapter 7 Trustee to the estate )
17  of Frank Jakubaitis; RICHARD MARSHACK,  )  **ADVERSARY COMPLAINT FOR**
    Chapter 7 Trustee to the estate of Tara Jakubaitis ) **1.  TURNOVER OF PROPERTY OF**
18                                          )  **THE ESTATE - 11 USC §542;**
19         Plaintiff,                       )  **2.  REVOCATION OF DISCHARGE - 11**
                                            )  **USC §727(d)**
20              v.                          )
                                            )
21  FRANK JAKUBAITIS, an individual; TARA   )
    JAKUBAITIS, an individual, and DOES 1-10 )
22                                          )
23         Defendants,                      )
                                            )
24  _____    )

27      Plaintiffs, Carlos Padilla III, Jeffery Golden, and Richard Marshack bring this action against
28  Chapter 7 Debtors, Frank and Tara Jakubaitis (collectively "Defendants"), (a) to compel the turnover,

*Adversary Complaint*                                                                            -1-

pursuant to 11 USC §542, of property of the Debtors' respective bankruptcy estates that the Debtors have either disguised or failed to disclose on their respective schedules; (b) to revoke Debtors' discharges obtained through violation of 11 USC §727(a)(2) and (a)(3); (c) to prove that Debtor made a false oath and false claims in violation of 11 USC §727(a)(4); and, (d) for declaratory relief under FRBP 7001(9). In support of this adversary complaint, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to hear this matter pursuant to 28 USC §§157 and 1334, and 11 USC §§523 and 727. This is an adversary proceeding pursuant to the Federal Rules of Bankruptcy Procedure 7001(1), (4), and (9) and a core proceeding pursuant to 28 USC §157(b)(2), (A), (E), and (J).

2. Venue is proper in this district pursuant to 28 USC §1409(a).

## PARTIES

3. Plaintiff Carlos Padilla III is a judgment creditor to Frank Jakubaitis by way of a judgment entered by the Orange County Superior Court (Case No. 30-2012-00553004) deemed non-dischargeable by this Court on April 16, 2014 against Frank Jakubaitis.

4. Plaintiff Jeffery Golden is the former chapter 7 Trustee to the estate of Frank Jakuabitis.

5. Plaintiff Richard Marshack is the Chapter 7 Trustee appointed to the Chapter 7 Bankruptcy matter of Tara Jakubaitis.

6. Tara Jakubaitis is and at all pertinent times has been an individual residing in the County of Orange, California. Tara Jakubaitis is a Chapter 7 Debtor in the matter of *In re: Tara Jakubaitis* filed her petition on December 17, 2013 (Case No. 8:13-20028). On August 17, 2014, the Court entered Tara Jakubaitis's discharge.

7. Frank Jakubaitis is and, at all pertinent times has been an individual residing in the County of Orange, California. Frank Jakubaitis is and, at all pertinent times has been the husband of Tara Jakubaitis. Frank Jakubaitis is also Chapter 7 debtor in the matter of *In re: Frank Jakubaitis* filed on January 9, 2013 (Case No.: 8:13-bk-10223). Mr. Jeffrey Golden was appointed the Chapter 7 Trustee over the estate of Frank Jakubaitis. On January 21, 2014, the Court entered Frank Jakubaitis's discharge.

8.      Various others, presently unknown to the Plaintiff, participated as co-conspirators with Defendants in the violations of law alleged in this Complaint and have engaged in conduct and made statements in furtherance thereof. DOES 1-5 are individuals, and participated in the activity which is the subject of this action, as alleged in this Complaint. DOES 6-10 are business entities of unknown form that participated in the activity which is the subject of this action. Plaintiff does not know the true names and capacities of the Defendants named in this action as DOES 1-10, and therefore sues them under these fictitious names. Plaintiff will request permission to amend this Complaint to state the true names and capacities of these fictitiously named defendants when he ascertains them. Plaintiff is informed and believes, and alleges on this ground, that these fictitiously named defendants are legally responsible in some manner for the acts and omissions set forth below, and therefore are liable to them for the relief requested.

## GENERAL ALLEGATIONS

9.      Frank Jakubaitis has been declared a fraudster by the Orange County Superior Court as well as the United States Bankruptcy Court. Frank and Tara Jakubaitis have a history of defrauding the public for their own personal gain, without regard for the individuals they were defrauding.

10.     In or about 2008, Frank and Tara Jakubaitis started a company, WeCosign, Inc. to provide surety services to individuals with imperfect credit. Soon thereafter, Frank and Tara Jakubaitis started their campaign of fraud. Shortly after created WeCosign, Inc., Frank and Tara Jakubaitis began "selling" shares in WeCosign, Inc. to unsuspecting victims. Frank and Tara Jakubaitis continued to claim that the shares they were selling were for the benefit of WeCosign, Inc.; however, the truth is that Frank and Tara Jakubaitis used WeCosign, Inc. as a guise for their own personal benefit. Frank and Tara Jakubaitis would inform their victims that their "shares" in WeCosign, Inc. was being held in "book entry" form at the offices of WeCosign, Inc. Frank and Tara Jakubaitis never provided any shareholder of WeCosign, Inc. with any stock certificates.

11.     On or about July 14, 2009, Frank and Tara Jakubaitis filed United States Securities and Exchange Commission Form S-1, to make WeCosign, Inc. a publicly traded company. Being a publicly traded company gave WeCosign, Inc. (trading symbol WECS) legitimacy and gave Frank and Tara Jakubaitis further ammunition to continue to defraud creditors.

12. Frank and Tara Jakubaitis continued to sell shares in WeCosign, Inc., but in lieu of raising money for WeCosign, Inc. as they continued to proclaim to customers, Frank and Tara Jakubaitis would instead sell their own personal shares, in violation of various SEC rules.

13. Frank and Tara Jakubaitis would tell their customers that their shares were held in "book entry" form at the offices of WeCosign, Inc. Frank and Tara Jakubaitis would not report any of the sales of their securities to their transfer agent; and, Frank and Tara Jakubaitis would never deliver actual stock certificates to any of their customers. With unfettered control and no oversight, on who owned what number of shares, Frank and Tara Jakubaitis were able to sell and resell the same shares to multiple individuals and continue to collect their ill-gotten gains.

14. Throughout the time of their control of WeCosign, Inc., Frank and Tara Jakubaitis would appear to be living a very meager existence and Frank and Tara Jakubaitis repeatedly claimed to various investors that they did not take a "salary" from WeCosign, Inc. and were investing the same back into the company. However, in reality, Frank and Tara Jakubaitis continued to sell and resell their shares in WeCosign, Inc. to the detriment of investors. Furthermore, Frank and Tara Jakubaitis would continue to use WeCosign, Inc. as their personal "piggy bank" by paying for such expenses as personal gasoline and vehicle expenses, dinners, personal rent, Disneyland annual passes, veterinary bills, and other such personal expenses directly from the WeCosign, Inc. account. So while seeming "altruistic" by not taking a "salary," Frank and Tara Jakubaitis were pilfering money from WeCosign, Inc.'s coffers.

15. Frank and Tara Jakubaitis continued to sell and resell their "shares" in WeCosign, Inc. to unsuspecting investors, to the tune of between $1,000,000.00 and $2,000,000.00. However, Frank and Tara Jakubaitis never actually sold any of their shares, but instead kept all shares in their own name and continued to use WeCosign, Inc. as a shell for their personal benefit. Frank and Tara Jakubaitis would then improperly and without consideration, transfer cash from the "sale" of stock to third parties, including other corporations they controlled, i.e. Tara Pacific, Inc. in order to hide the same from potential creditors. In fact Frank Jakubaitis admitted this in his section 341(a) meeting of the creditors.

*Adversary Complaint*                                                                                                                                              -4-

16. Anytime an investor demanded their stock, Frank and Tara Jakubaitis would vilify them to other investors, claiming the investor demanding their stock was attempting to destroy WeCosign, Inc. by making outrageous claims like the investor was a competitor, or "just sour grapes." If any investor continued to demand their shares despite the ridicule they received at the hands of Frank and Tara Jakubaitis, they would simply file a lawsuit against the same alleging violations of "RICO" or similar claims in an attempt to terrorize and scare the individual from continuing to pursue their claims.

17. One method to quiet investors' repeated demand for their stock, was to "deregister" WeCosign, Inc. from the SEC, at which point there would be no market for the investors' WeCosign, Inc. stock. Without a market for WeCosign, Inc. stock, the investors' shares would be virtually worthless.

18. On or about December 30, 2012, Frank and Tara Jakubaitis filed a form 15-D and WeCosign, Inc. became a deregistered company with the SEC.

19. However, deregistering WeCosign, Inc. was not the only tactic to skirt those who had invested in them and in WeCosign, Inc.

20. On or about February 25, 2011, Frank and Tara Jakubaitis registered WeCosign Services, Inc., a California corporation. WeCosign Services, Inc. remained a shell company until WeCosign, Inc. had lost its benefit, at which point Frank and Tara Jakubaitis jettisoned WeCosign, Inc. in favor of WeCosign Services, Inc. Frank and Tara Jakubaitis started doing business as usual as WeCosign Services, Inc. (as opposed to WeCosign, Inc.) without all of the liabilities associated with the WeCosign, Inc. name, i.e. investors, debts, etc....

21. One creditor, Carlos Padilla III, was undaunted in collecting the monies owed to him and he continued through the legal system to judgment against Frank Jakubaitis, WeCosign, Inc. and WeCosign Services, Inc. Carlos Padilla III expects a judgment against Tara Jakubaitis shortly.

22. This practiced continued, anytime an entity would be deemed to have too much baggage because Carlos Padilla III was able to obtain relief against the same, it would be dropped in favor of a new and clean entity, with complete disregard for corporate formalities. Since the business was a completely online business, it was simple for Frank and Tara Jakubaitis to create a new website, new

emails, new bank accounts, new paypal accounts, etc…, and simply point the respective paypal accounts to new bank accounts.

23. In fact, this practice continued: WeCosign, Inc. was dropped in favor WeCosign Services, Inc., which was dropped in favor of PNC National, Inc., which was dropped in favor of PNC Services, Inc., which was dropped in favor of Front Line Services, Inc., which was dropped for RPG123, which was dropped in favor of Cosigner One, Inc.

24. Throughout the pertinent times, Frank and Tara Jakubaitis would use their monies to purchase such things as an interest in several yachts and various cars including a Corvette.

25. Plaintiffs are informed and believe and thereupon allege Frank and Tara Jakubaitis have hidden and failed to disclose various assets that rightfully belong to the bankruptcy estate, including but not limited to cash and interests in bank accounts, interests in vehicles, including a Corvette, a United States issued patent (USPTO No. 20060045301), and other yet unknown assets. Plaintiff is informed and believes and thereupon alleges that Frank and Tara Jakubaitis failed to disclose such assets in order to prevent the same from being administered by their respective trustee to the detriment of creditors.

26. Furthermore, Plaintiffs are informed and believe and thereupon allege, that both Frank and Tara Jakubaitis intentionally and fraudulently under reported their income in their various schedules in order to qualify for a Chapter 7 bankruptcy, if in reality they had disclosed their true income, they would not qualify for a Chapter 7 and would instead have to file a Chapter 13 and repay a portion if not all of their debts.

27. Plaintiffs are informed and believe and thereupon allege that Frank and Tara Jakubaitis went through great lengths to make it as difficult as possible for legitimate creditors to wade through the quagmire they created in order to locate their assets.

28. Plaintiffs are informed and believe and thereupon allege that they used and continue to use either straw-men or other forms and methods to conceal their assets, including but not limited to using attorneys to hide their assets and purchasing assets in the name of unrelated third parties in order to conceal the same from creditors.

# CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION PURSUANT TO 11 USC §542

### (Turnover of Property of the Estate)

29. Plaintiffs re-allege and fully incorporate all preceding paragraphs as if fully set forth herein.

30. Pursuant to 11 USC §524(a), the commencement of a bankruptcy case creates an estate. That estate is comprised of all legal or equitable interest of the debtor in property wherever located and by whomever held. An equitable owner exists when the beneficial interest in an asset is vested in an individual whom equity regards as the real owner, despite legal title being vested in another.

31. Property ownership is not a single concrete entity but a bundle of rights and privileges. Property ownership can be evidenced by, among other things, exercising dominion or control over the property, possessing the property, and possessing the right to exclude from the property. Even the pruning away of some or a great many of these elements does not entirely destroy title.

32. Under 11 USC §542(a), an entity that is in possession, custody, or control of Debtor is property that the trustee is entitled to and must be delivered to the trustee.

33. Plaintiffs are informed and believe and thereupon allege that Defendants are the equitable and beneficial owners of such assets as cash, bank accounts, cars, and a United States Patent, among other things that they failed to disclose in their bankruptcy documents and that such assets are actually the property of the bankruptcy estates. Plaintiffs are informed and believe and thereupon allege that Frank and Tara Jakubaitis intentionally refused to disclose said assets on their respective schedules.

34. As such, Plaintiffs allege that these assets are rightfully property of Defendants' respective bankruptcy estate and should be turned over to the bankruptcy estate.

## SECOND CAUSE OF ACTION PURSUANT TO 11 USC §727(d)

### (Revocation of Discharge)

35. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

36. Frank Jakubaitis obtained a discharge on January 21, 2014. Tara Jakubaitis obtained a discharge on August 16, 2014. Subsequent to discharge, Plaintiff determined that each obtained a

Main Document    Page 8 of 11

discharge through fraud, willful misrepresentations, and false oaths. Had Plaintiffs been aware of such misrepresentations, they could and would have objected to the discharge.

37. Plaintiffs allege that each of Frank and Tara Jakubaitis under-reported their respective income so that they would qualify for a Chapter 7 bankruptcy as opposed to a Chapter 13 in which they would be forced to repay some or all of their debts. Frank and Tara Jakubaitis each reported their collective income as approximately $6,000.00 per month. However, Frank and Tara Jakubaitis continued to use various corporate entities as their personal "piggy bank" in that they would use the corporate entities to pay for their day to day expenses, such as payment of rent on their personal residence, payment for gas and other personal vehicle maintenance, paying for food and drinks, paying for Disneyland annual passes, and paying for pet care. Plaintiffs allege that if Frank and Tara Jakubaitis had actually accounted for all of their income, they would not qualify for a Chapter 7 bankruptcy and would be forced into a Chapter 13 and a repayment plan, causing Frank and Tara Jakubaitis to repay some if not all of their debts.

38. Furthermore, Plaintiffs allege that each of Frank and Tara Jakubaitis failed to report their interest in several assets, including but not limited to cash, bank accounts, vehicles, and a United State patent and failed to deliver or surrender said property to the Trustee for liquidation.

39. Plaintiffs allege that Frank and Tara Jakubaitis fraudulently concealed their true income and their property in order to defraud creditors and improperly obtain a discharge.

40. Plaintiffs therefore seek a revocation of Frank and Tara Jakubaitis's discharge and declaring that all property of the Defendants be turned over to Plaintiff for liquidation for sale and to pay the legitimate creditors of the bankruptcy estate.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Frank and Tara Jakubaitis as follows:

1. That all assets held by Frank and Tara Jakubaitis be turned over to the Plaintiff so that he may liquidate them for the benefit of creditors pursuant to 11 USC §§521, 541, 544, 547; 548; 549; and 550;

*Adversary Complaint*                                                                                                          -8-

2. That Frank and Tara Jakubaitis's discharge be revoked pursuant to 11 USC §727(d)(1) based on their respective false oaths;

3. That Frank and Tara Jakbuaitis's discharge be revoked pursuant to 11 USC §727(d)(2) based on their respective failure to disclose and schedule property of the estate and deliver property of the estate to the trustee;

4. Reasonable attorneys' fees and costs incurred in bringing this adversary complaint; and,

5. Any other relief that the Court may deem proper.

Dated: 1.20.15

PACIFIC PREMIER LAW GROUP
/s/ Arash Shirdel, Esq.
Arash Shirdel, Esq. counsel for Plaintiffs.

*Adversary Complaint*

-9-

FORM B104 (08/07)                                                                                     2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** <br> Carlos Padilla III; Jeffery Golden, Richard Marshack | **DEFENDANTS** <br> Frank and Tara Jakubaitis |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Arash Shirdel, Esq. <br> 200 E. Sandpoitne Ave, Ste 500, Santa Ana, CA 92707 <br> 949-629-3690 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor   ☒ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor  ☐ Other <br> ☒ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Turnover of Assets; Revocation of discharge

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [1] 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [2] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

*RECEIVED JAN 2 0 2015 U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY: Deputy Clerk*

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM B104 (08/07), page 2                                                                 2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| **NAME OF DEBTOR** <br> Frank and Tara Jakubaitis || **BANKRUPTCY CASE NO.** <br> 8:13-bk-10223 |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CA- Central | **DIVISIONAL OFFICE** <br> Santa Ana | **NAME OF JUDGE** <br> Theodor Albert |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| **PLAINTIFF** <br> Carlos Padilla III | **DEFENDANT** <br> Frank Jakubaitis/Tara Jakubaitis | **ADVERSARY PROCEEDING NO.** <br> 8:13-ap-01117/8:14-ap-01007 |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** <br> CA-Central | **DIVISIONAL OFFICE** <br> Santa Ana | **NAME OF JUDGE** <br> Theodor Albert |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** |||
| **DATE** <br> 1/20/15 || **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Arash Shirdel, Esq. |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.